THIS OPINION IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

mbm

April 25, 2024

Cancellation No. 92083267

*Retrobrands America LLC*

*v.*

*Molson Coors Beverage Company USA LLC[1]*

**Before Lynch, Acting Deputy Chief Administrative Trademark Judge,
and Kuhlke and Shaw, Administrative Trademark Judges.**

**By the Board:**

This proceeding now comes before the Board for consideration of Respondent's motion (filed January 25, 2024) to dismiss the petition to cancel without prejudice as moot based on Respondent's failure to file a declaration of continued use or excusable nonuse under Section 8 of the Trademark Act, 15 U.S.C. § 1058(a)(1) (hereinafter "Section 8 declaration") and to suspend proceedings pending disposition of the motion to dismiss. The motion is fully briefed.

---

[1] Respondent's change of correspondence address, filed December 26, 2023, is noted. 9 TTABVUE.

Citations to the record or briefs in this order include citations to the publicly available documents on the Board's electronic docketing system, TTABVUE. The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry, if applicable.

The owner of a registration issued under Trademark Act Section 1, 15 U.S.C. § 1051, is required to file a Section 8 declaration in the year immediately preceding the sixth-year anniversary of the date of registration. 15 U.S.C. § 1058(a)(1); *see also* Trademark Rule 2.160(a)(1)(i), 37 C.F.R. § 2.160(a)(1)(i). Trademark Act Section 8(a)(3) provides that the Section 8 declaration may also be filed and considered timely within a six-month grace period immediately following expiration of the six-year deadline upon payment of an additional fee. 15 U.S.C. § 1058(a)(3); *see also* Trademark Rule 2.160(a)(3), 37 C.F.R. § 2.160(a)(3). Where no Section 8 declaration is timely filed, "a registration expires by operation of law as of the last day of its [sixth year following registration], and no rights in the registration exist after that date." *Men's Wearhouse, LLC v. WKND NYC LLC*, 2024 USPQ2d 86, at *2 (TTAB 2024) (citing *Taylor v. Motor Trend Grp., LLC*, 2023 USPQ2d 1051, at *2 (TTAB 2023)). Therefore, where a petition to cancel is filed during the six-month grace period, and the respondent ultimately fails to timely file a Section 8 declaration by the end of the grace period, judgment cannot be entered against the respondent based on such failure, because the registration is cancelled by operation of law prior to the filing date of the petition to cancel. *Id.* at *3. Under such circumstances, the petition to cancel is dismissed as moot. *Id.*

Here, Respondent's involved Registration No. 5272216 issued on the Principal Register on August 22, 2017, under Trademark Act Section 1, 15 U.S.C. § 1051. The Section 8 declaration was due by August 22, 2023. *See* 15 U.S.C. § 1058(a)(1); *see also* Trademark Rule 2.160(a)(1)(i), 37 C.F.R. § 2.160(a)(1)(i). Respondent did not file its

Section 8 declaration by August 22, 2023. The six-month grace period permitted Respondent to file the declaration on or before February 22, 2024. *See* 15 U.S.C. § 1058(a)(3); *see also* Trademark Rule 2.160(a)(3), 37 C.F.R. § 2.160(a)(3).

On September 21, 2023, Petitioner filed a petition to cancel Respondent's involved registration on the sole ground of abandonment. Thus, the petition to cancel was filed after the deadline for filing the Section 8 declaration, but prior to the expiration of the six-month grace period. Respondent filed its motion to dismiss the petition to cancel as moot on January 25, 2024, prior to the expiration of the six-month grace period. In support of its motion, Respondent argues that, because it does not plan to file a Section 8 declaration within the six-month grace period, "the registration is effectively cancelled by operation of law prior to the petition for cancellation …." 10 TTABVUE 3. Respondent moves, in the alternative, to suspend proceedings pending the expiration of the six-month grace period and then to dismiss the petition to cancel as moot after the expiration of the six-month grace period. 12 TTABVUE 4-5.

Petitioner argues that Respondent's motion is, in effect, an attempt to cancel its involved registration under Section 7(e) of the Trademark Act, 15 U.S.C. § 1057(e), without Petitioner's consent in an attempt to avoid judgment. 11 TTABVUE 2-4. Petitioner therefore argues that the Board should enter judgment against Respondent. *Id.*

When the grace period for filing the Section 8 declaration expires, the registration is cancelled by operation of law as of the last day of the registration's sixth year following registration. *Men's Wearhouse, LLC*, 2024 USPQ2d 86, at *1. This applies

3

even where the USPTO records may not yet be ministerially updated to reflect the cancellation of a registration for failure to file a timely Section 8 declaration.[2] When Respondent filed its motion to dismiss, the six-month grace period had not yet expired and therefore it was not yet known if the registration would be cancelled by operation of law as of August 22, 2023. Respondent's motion to dismiss the proceeding as moot was therefore premature. Respondent's assertion that it will not take future action, i.e., that it will not file a Section 8 declaration prior to the expiration of the six-month grace period, does not serve to effect cancellation of the registration prior to the expiration of the grace period.[3] Respondent's motion to dismiss is **denied** as premature.

We do not, however, construe Respondent's request to dismiss the petition to cancel as moot as a voluntary surrender of the registration under Section 7(e) of the Trademark Act, 15 U.S.C. § 1057(e), without Petitioner's consent. Respondent's motion did not seek cancellation of the involved registration, but instead, sought premature dismissal of the proceeding based on Respondent's representation that it would not file a Section 8 declaration prior to the expiration of the grace period. Petitioner's request for entry of judgment based on Respondent's motion is therefore **denied**.

---

[2] If the Section 8 declaration is not filed before the expiration of the six-month grace period, USPTO records are not automatically updated to reflect the cancellation of the registration for at least ten days to avoid inadvertent cancellation due to a delay in entering a timely filed Section 8 declaration. *Men's Wearhouse, LLC*, 2024 USPQ2d 86, at *1 (citing TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 1611 (Nov. 2023)).

[3] In effect, the grace period cannot be waived by a statement of an intent not to file a Section 8 declaration prior to the expiration of the grace period.

Notwithstanding the foregoing, where a petition to cancel has been filed after the six-year deadline for filing a Section 8 declaration but prior to the expiration of the six-month grace period, suspension of the proceedings pending expiration of the grace period may be appropriate. *See* Trademark Rule 2.117(c), 37 C.F.R. § 2.117(c) (Board may suspend proceedings sua sponte or upon motion for good cause). Accordingly, Respondent's motion is **granted** to the extent that we consider this case suspended retroactive to the filing date of Respondent's motion.

The six-month grace period expired on February 22, 2024, during the pendency of the motion to dismiss, and Respondent did not file a Section 8 declaration by the expiration of the grace period. Accordingly, although Respondent's motion to dismiss was premature when filed, Respondent's involved registration is now cancelled by operation of law, effective as of August 22, 2023, the last day of the registration's sixth year following registration. The registration expired by operation of law prior to the filing of the petition to cancel and the petition to cancel is therefore **dismissed without prejudice as moot**.[4]

---

[4] In light of the above, even if Respondent's motion to dismiss the petition to cancel had not been premature, the dismissal of the petition to cancel renders it moot.